Cheryl J. Riley, *Pro Se*
340 W. 32nd Street # 406
Yuma, Arizona 85364
(928) 388-7212

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Cheryl J. Riley,

        Plaintiff,

vs.

Ken Salazar, Secretary
United States Department
of the Interior

        Defendant

Case No: CIV-06- 02160-PHX-SRB

**PLAINTIFF'S PETITION FOR STATUTORY INTEREST, FEES, AND COSTS ASSOCIATED WITH SETTLEMENT AGREEMENT**

Plaintiff in the above named case comes now to respectfully petition this Court to award Plaintiff statutory interest on the monetary amount that the Defendant agreed to pay Plaintiff during the open court settlement hearing in exchange for Plaintiff dismissing her lawsuit. Plaintiff further asks this Court to award her any fees and costs Plaintiff may incur should it be necessary to enforce compliance with the settlement agreement terms as ordered by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

This case originated from an employment discrimination complaint filed by the Plaintiff against the Defendant under Title VII of the Civil Rights Act of 1964 and 1991 (as amended) in which she alleged discrimination by her employer based on her gender (female) and race (Native American), hostile work environment, and retaliation for participating in a protected activity. In her lawsuit, Plaintiff requested a jury trial. This Court found in favor of Defendant's Motion for summary Judgment and dismissed this case on June 8, 2008. Plaintiff appealed this Court's decision and on October 5, 2010, the Ninth Circuit Court of Appeals affirmed in part and

reversed and remanded in part finding that Plaintiff had a triable issue of hostile work environment. Consequently, this Court assigned a new trial date to hear this case. The Plaintiff suffered from illness and during a pretrial hearing held by this Court on April 4, 2011, Plaintiff requested and was kindly granted a settlement hearing before a magistrate judge.

On June 14, 2011, both Plaintiff and Defendant (hereafter Parties) appeared before Magistrate Judge Edward C. Voss and agreed to settle this lawsuit without going to trial. The terms of the Parties' settlement agreement (Agreement) required that the Defendant would pay to the Plaintiff the sum of $40,000.00 (forty-thousand dollars) within 30 days from the date of the hearing. In exchange for receiving this payment, Plaintiff agreed to dismiss with prejudice her claims against the Defendant (Dkt. 108). During finalization of the settlement, the Defendant attempted to change the 30-day time requirement payment terms in order to extend to an indefinite period the amount of time in which to pay the settlement amount to Plaintiff. Judge Voss denied Defendant's request. Defendant is required to ensure that Plaintiff receives full payment of the Agreement amount no later than 4:00 p.m. July 14, 2011.

Subsequent to this hearing and this Court's order, Defendant prepared an acceptable Stipulation for Compromise Settlement. This document was provided to Plaintiff on June 27, 2011. Plaintiff signed this Agreement and returned it to Defendant by facsimile transmission on July 1, 2011. On this same date, Plaintiff also mailed to Defendant the document with her original signature via the United States Postal Service. In addition, Plaintiff notified Defendant by electronic mail that she had signed and returned the Agreement by these methods.

## II. JURISDICTION

This Court has had jurisdiction over this case since its beginning. During the settlement hearing, Magistrate Judge Edward C. Voss made provision to retain oversight and jurisdiction

over the settlement until all terms were fulfilled and finalized (Dkt. 108). Insofar as this Petition concerns issues regarding post-judgment statutory interest in the settlement of her civil rights case and compliance with the terms of the settlement, Plaintiff's submission of her Petition to this Court is proper.

## III. LEGAL STANDARDS AND PROVISIONS

The awarding of interest on a monetary judgment is provided for at 28 U.S.C. § 1961, which in part states: "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . [s]uch interest shall be calculated from the date of the entry of the judgment; and [i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually. Judiciary procedure under 28 U.S.C. § 1961, directs district courts to award interest on monetary judgments according to the publication by the Board of Governors of the Federal Reserve System, which provides the rate equal to the weekly average 1-year constant maturity Treasury yield for calculation of the interest based on the calendar week preceding the date of the judgment. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835, 108 L.Ed.2d 842, 110 S. Ct. 1570 (1990). Additionally, 28 U.S.C. § 1920 allows for other costs and fees to be awarded to the prevailing party post-judgment when applicable. Such fees and costs include but are not limited to: fees of the clerk and marshal; fees of the court reporter; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; and docket fees. Federal Rules of Civil Procedure 54(d) states: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." (Fed. R. Civ. P. 54(d)). Moreover, costs were made allowable against the United States in 1966 by 28 U.S.C.§ 2412(a), which provides: "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the

- 3 -

fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States...."

**CONCLUSION**

As stated above, post-judgment interest on a monetary settlement is provided for statutorily. Fees and costs, as related to the enforcement and recovery of a monetary settlement, are statutorily provided for at the discretion of the district court overseeing the settlement.

By the aforementioned, Plaintiff herein respectfully petitions this Court to order Defendant to pay to her such statutory interest as allowed in accordance with 28 U.S.C. § 1961. Plaintiff further petitions the Court to also award to her other fees and costs as allowed under 28 U.S.C. § 1920 and 2412(a), Fed. R. Civ. P. 54(d), and other applicable regulations, should Defendant delay or refuse to make payment to Plaintiff of the agreed upon settlement amount plus interest within the 30-day terms as delineated by the Agreement of 4:00 p.m. July 14, 2011.

Respectfully submitted this 8th day of July, 2011

_____
Cheryl J. Riley

# CERTIFICATE OF SERVICE

I hereby certify that on this date: __July 8, 2011__ , a copy of the following document:

**PLAINTIFF'S PETITION FOR STATUTORY INTEREST, FEES, AND COSTS ASSOCIATED WITH SETTLEMENT AGREEMENT**

was sent to each:   Peter M. Lantka, Assistant U.S. Attorney
U.S. Department of Justice
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

And

Michael M. Walker, Assistant U.S. Attorney
U.S. Department of Justice
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

By: USPS Mail Certified Return Receipt Mail No: 7010 1870 0002 7911 2767

_____
Cheryl J. Riley